IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SANDERSON,<br><br>　　　　Petitioner,<br><br>　v.<br><br>BOBBY PHILLIPS, Acting Warden,<br><br>　　　　Respondent. | No. C 12-01595 EJD (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his sentence for a state conviction from Humboldt County Superior Court. For the reasons set forth below, the Petition for a Writ of Habeas Corpus is **DENIED**.

## BACKGROUND

Petitioner pleaded guilty to voluntary manslaughter and first degree robbery, along with the personal use of a firearm. Petitioner was sentenced to state prison for a total determinate term of 22 years and 4 months on September 20, 2006.

Petitioner appealed his conviction. The California Court of Appeal affirmed the judgment on January 22, 2008, but vacated the sentence and remanded the matter

for further proceedings in the trial court.[1] On June 15, 2009, the trial court again sentenced Petitioner to state prison for the total determinate term of 22 years and 4 months.

Petitioner appealed and separately filed a petition for writ of habeas corpus in the state appellate court. On February 16, 2011, the state appellate court affirmed the judgment, and summarily denied the petition. (Ans. Ex. F.) The California Supreme Court denied review on April 27, 2011, and summarily denied the petition on December 14, 2011. (Id., Ex. H.)

Petitioner filed the instant federal habeas petition on March 30, 2012.

## FACTUAL BACKGROUND

The following undisputed facts are taken from the probation officer's report[2]:

> According to Eureka Police Department report #3C05-8768, on November 7, 2005, at approximately 2250 hours, officers were dispatched to 131 West Del Norte, apartment 19, on the report of a possible homicide. Victim Shawn Garfield was found laying in the apartment's hallway with two gunshot wounds to the chest and no vital signs. [Petitioner] was identified as the suspect by two witnesses.
>
> At approximately 2324 hours Shawn Garfield was pronounced dead.
>
> Witness, Brandon Proctor, was interviewed at the Eureka Police Department. During the interview, Proctor's eyes appeared dilated and his behavior was exaggerated and unpredictable. It was believed he was under the influence of methamphetamine. He was only able to focus on one subject for a short period of time and was unable to provide many details. He did not seem to want to answer questions.
>
> Proctor identified his cousin, [Petitioner], as the shooting suspect. He was also able to identify [Petitioner] by a jail photograph. He stated [Petitioner] and Garfield had a problem with

---

[1] The state appellate court remanded for resentencing after finding that defense counsel was deficient in failing to object to the court's reliance on the same four aggravating factors to impose the upper term for the manslaughter conviction and the firearm enhancement. (Pet. Ex. S at 2.)

[2] Petitioner's claim on appeal did not require the California Court of Appeal to set forth a statement of facts.

each other due to a conflict on the street.[3] Proctor said [Petitioner] was at the apartment when he arrived. [Petitioner] had a rifle which had a sawed off stock. [Petitioner] got scared and hid in the closet. Proctor said Garfield just wanted to talk to [Petitioner], but that [Petitioner] thought he and Garfield were going to "beat him down."

Proctor said he was standing in front of the closet in an attempt to keep Garfield from opening the door. [Petitioner] opened the door and saw Garfield. Proctor shut the door then [Petitioner] shot several shots through the door. [Petitioner] opened the door and screamed, "nooo!" Proctor fled the apartment. Proctor said he thinks Garfield will be mad at him because he left Garfield even though he was asking for help.

(Clerk's Transcript ("CT") at 112-113.)

## DISCUSSION

I.  Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The writ may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). The only definitive source of clearly established federal

---

[3] Petitioner had been involved in a robbery the day before, and Garfield had sought him out to demand that the stolen items be returned. (Pet. Ex. S at 1.)

law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. Williams, 529 U.S. at 412; Brewer v. Hall, 378 F.3d 952, 955 (9th Cir. 2004). While circuit law may be "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court precedent, only the Supreme Court's holdings are binding on the state courts and only those holdings need be "reasonably" applied. Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir.), overruled on other grounds by Lockyer v. Andrade, 538 U.S. 63 (2003).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. "Under § 2254(d)(1)'s 'unreasonable application' clause, . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409. The federal habeas court must presume correct any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The Supreme Court has vigorously and repeatedly affirmed that under AEDPA, there is a heightened level of deference a federal habeas court must give to state court decisions. See Hardy v. Cross, 132 S. Ct. 490, 491 (2011) (per curiam); Harrington v. Richter, 131 S. Ct. 770, 783-85 (2011); Felkner v. Jackson, 131 S. Ct. 1305 (2011) (per curiam). As the Court explained: "[o]n federal habeas review, AEDPA 'imposes a highly deferential standard for evaluating state-court rulings' and 'demands that state-court decisions be given the benefit of the doubt.'" Id. at

1307 (citation omitted). With these principles in mind regarding the standard and limited scope of review in which this Court may engage in federal habeas proceedings, the Court addresses Petitioner's claims.

C.   Claims and Analysis

As grounds for federal habeas relief, Petitioner claims that he received ineffective assistance of counsel at his resentencing hearing because his attorney failed to obtain and present mitigating evidence which included the following: (1) the recent discovery that Petitioner possibly suffers from Fetal Alcohol Syndrome or Fetal Alcohol Spectrum Disorder, (Pet. at 7-11); (2) Petitioner had an unstable childhood because his parents were drug addicts and his father had been physically abusive, (id. at 11-12); and as a result of the foregoing, Petitioner suffers from depression, (id. at 12-14). He asserts that counsel's deficient performance was prejudicial because he received the same original sentence at his resentencing hearing on remand.

In order to prevail on a Sixth Amendment ineffectiveness of counsel claim, petitioner must establish two things. First, he must establish that counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Second, he must establish that he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as the result of the alleged deficiencies. Id. at 697; Williams v. Calderon, 52 F.3d 1465, 1470 & n.3 (9th Cir. 1995) (applauding district court's refusal to consider whether counsel's conduct was deficient after determining that petitioner could not establish prejudice), cert. denied, 516 U.S. 1124 (1996).

The Supreme Court has not decided what standard should apply to counsel's performance in non-capital sentencing proceedings. Cooper-Smith v. Palmateer, 397 F.3d 1236, 1244 (9th Cir.), cert. denied, 546 U.S. 944 (2005). Strickland declined to "'consider the role of counsel in an ordinary sentencing, which . . . may require a different approach to the definition of constitutionally effective assistance,'" and no later Supreme Court decision has done so, either. Id. (quoting Strickland, 466 U.S. at 686). Consequently, there is no clearly established Supreme Court precedent governing ineffective assistance of counsel claims in the noncapital sentencing context. See Davis v. Grigas, 443 F.3d 1155, 1158-59 (9th Cir. 2006); Cooper-Smith, 397 F.3d at 1244-45.

Based on the existing Ninth Circuit and Supreme Court precedents, Petitioner cannot obtain habeas relief on this claim. Even looking to the merits, Petitioner's claim must be denied. The probation officer's report included a family history that stated Petitioner's parents abused methamphetamine and that his father was physically abusive to his mother. (CT 118.) The report also included Petitioner's difficult upbringing, including his father's physical, verbal and emotional abuse. (Id. at 120.) The report discussed Petitioner's depression and suicide attempt at age seventeen, and his history of drug abuse. (Id. at 120-121.) The report also included an extensive criminal history, starting from an early juvenile record for burglary to a felony conviction for violating his probation. (Id. at 121-125.) The trial court reviewed this extensive history before imposing the upper term, noting Petitioner's numerous prior convictions and unsatisfactory performance on probation. (Reporter's Transcript ("RT") at 219-21. Accordingly, it cannot be said that Petitioner was prejudiced by counsel's alleged failure to present mitigating evidence, especially as most of the information was already included in the probation officer's report and was overshadowed by his extensive criminal record. Based on this record, there is no reasonable probability that the proposed mitigating evidence would have resulted in a different outcome. See Strickland, 466 U.S. at 694.

Accordingly, the state court's rejection of this claim was not contrary to, or an unreasonable application of, Supreme Court precedent. 28 U.S.C. § 2254(d).

## CONCLUSION

After a careful review of the record and pertinent law, the Court concludes that the Petition for a Writ of Habeas Corpus must be **DENIED**.

Further, a Certificate of Appealability is **DENIED**. See Rule 11(a) of the Rules Governing Section 2254 Cases. Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Nor has Petitioner demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner may not appeal the denial of a Certificate of Appealability in this Court but may seek a certificate from the Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure. See Rule 11(a) of the Rules Governing Section 2254 Cases.

The Clerk shall terminate any pending motions, enter judgment in favor of Respondent, and close the file.

IT IS SO ORDERED.

DATED:     7/23/2014

EDWARD J. DAVILA
United States District Judge

Order Denying Petition; Denying COA
P:\PRO-SE\EJD\HC.12\01595Sanderson_denyHC.wpd          7

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RICHARD SANDERSON,

        Petitioner,

  v.

BOBBY PHILLIPS, Acting Warden,

        Respondent.

Case Number: CV12-01595 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 7/23/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Richard Sanderson F-43953
Corcoran State Prison
P. O. Box 3481
Corcoran, CA 93212

Dated: 7/23/2014

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk